**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DOMAIN.COM, INC., a Colorado corporation; EMMET STEPHENSON, an individual; and TONI STEPHENSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WOLF STEEL GROUP, INC., a Canadian corporation,<br><br>Defendant. | Case No. 2:18-cv-00545<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT RELATED TO CYBERSQUATTING AND TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Domain.com, Inc., Emmet Stephenson, and Toni Stephenson (collectively, the "Stephensons") allege for their complaint against Wolf Steel Group, Inc. ("Wolf") upon personal information as to their own activities, and upon information and belief as to the activities of others, as follows:

**NATURE OF THE CASE**

1. The Stephensons seek declaratory relief under 28 U.S.C. § 2201 that their registration and use of the domain name *napoleon.com* (the "Domain") does not violate Wolf's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

COMPLAINT - 1
[Case No.: 2:18-cv-00545]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

2. The Stephensons bring this action to confirm their rights in the Domain and prevent its transfer to Wolf.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law. The Stephensons seek a declaration, under 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that their registration and use of the Domain does not violate Wolf's claimed federal rights in the NAPOLEON trademark.

4. This Court has personal jurisdiction over Wolf because Wolf agreed to submit to the jurisdiction of this Court. Wolf initiated a Uniform Domain-Name Dispute-Resolution Policy (UDRP) administrative proceeding concerning the Domain. When initiating the UDRP, Wolf agreed to the jurisdiction where the Domain registrar is located. The Domain registrar is Enom, Inc. which, is located in Kirkland, Washington.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the Domain registrar, Enom, Inc., is located in this judicial district in Kirkland, Washington.

## PARTIES

6. Plaintiff Domain.com, Inc. is a Colorado corporation with its principal place of business in Boulder City, Nevada.

7. Plaintiff Emmet Stephenson is an individual residing in Boulder City, Nevada.

8. Plaintiff Toni Stephenson is an individual residing in Boulder City, Nevada.

9. Toni and Emmet Stephenson are husband and wife.

10. Toni and Emmet Stephenson are equal shareholders in, and the only officers and directors of, Plaintiff Domain.com, Inc.

COMPLAINT - 2
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

11. Defendant Wolf Steel Group, Inc. is a Canadian corporation with its principal place of business in Barrie, Ontario, Canada.

## FACTS

12. Toni and Emmet Stephenson registered the *napoleon.com* domain name on June 4, 1995. Since that date, they have held the Domain's title through various entities including Napoleon.com, Inc. and Plaintiff Domain.com, Inc.

13. Toni and Emmet Stephenson were the first, and have been the only, registrants of the Domain for the past 23 years.

14. Emmet Stephenson grew up in Louisiana and has long been interested in that state's ties to Napoleon Bonaparte.

15. Emmet and Toni Stephenson maintain a collection of Napoleonic artifacts, including: Napoleon Bonaparte's death mask; a plan of the Battle for Austerlitz; one of four unique clocks commissioned by Napoleon Bonaparte for his children; and various documents signed by, written by, and written to Napoleon Bonaparte.

16. Emmet and Toni Stephenson wish to share their collection of Napoleonic artifacts online.

17. So they chose the Domain, *napoleon.com*, because of their affinity for Napoleon Bonaparte history, its ties to Emmet Stephenson's home state of Louisiana, and with the plan to display their collection of Napoleonic artifacts.

18. The Stephensons have developed several domain names into websites, a majority of which are used for purely informational, non-commercial purposes.

19. The Stephensons always intended, and still intend, to develop the Domain, *napoleon.com*, into an informative, non-commercial website to display their collection of Napoleonic artifacts after Emmet Stephenson retires.

20. Emmet Stephenson is 75 years old and has not retired yet.

21. When domain names are registered but not used, they are commonly pointed to a "parking page."

COMPLAINT - 3
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

22. A parking page is automatically populated with algorithmically generated links from Google to various websites.

23. The Domain has, at various times, been pointed to a parking page.

24. When the Domain was pointed at a parking page, the Stephensons had no control over the content or links displayed on the parking page.

25. At no time did the Stephensons ever become aware that links to Wolf's website or its competitors' websites were ever accessible from the Domain parking page.

26. If Wolf's website or its competitors' websites were ever accessible from the Domain parking page, those links were generated algorithmically by Google without the Stephensons' knowledge.

27. The Stephensons have never offered to sell the Domain, despite receiving purchase offers greater than $100,000 from third parties and an offer from Wolf.

28. Wolf registered the NAPOLEON mark in the United States on December 17, 1991 and in Canada in 1996.

29. Many other companies have registered trademarks identical to or containing "napoleon."

30. Wolf submitted a UDRP complaint to National Arbitration Forum, Inc. on March 23, 2018 asking the UDRP panel to require the Stephensons to transfer the Domain to Wolf.

31. Plaintiffs were not aware of Wolf, its products and services, or the NAPOLEON mark before receiving the UDRP complaint.

32. The UDRP complaint alleges: confusing similarity between the mark and the Domain; that Toni Stephenson and Domain.com, Inc. lack rights or legitimate interests in the Domain; and that they registered and used the Domain in bad faith.

33. Wolf initiated the UDRP in bad faith.

COMPLAINT - 4
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

34. Since the Domain is not for sale, and Wolf wants it, Wolf is attempting to use the legal system to steal the Domain from the Stephensons.

35. The Stephensons have every right and legitimate interest in the Domain because they were the first, and have been the only, registrants of the Domain and registered it with the good-faith intent of sharing their Napoleonic artifacts on the internet through the Domain.

36. Toni Stephenson and Domain.com, Inc. must respond to the UDRP complaint by April 16, 2018.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – 28 U.S.C. § 2201 of no Cybersquatting – 15 U.S.C. § 1125(d))

37. An actual controversy exists about whether Wolf should be entitled to the Domain under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

38. The Stephensons' and Wolf's legal interests are adverse and create a present threat of litigation.

39. Wolf should be barred from enforcing any rights in the mark under equitable principles because Wolf's unreasonable delay in enforcing its rights in the mark prejudices the Stephensons.

40. Wolf has no valid claim against the Stephensons for a violation of the Anticybersquatting Consumer Protection Act because that claim would be barred by the doctrine of laches.

41. The mark is not distinctive.

42. Wolf has not been diligent in enforcing the mark, because it waited almost twenty-three years to assert its rights in the mark.

43. The Stephensons acted in good-faith ignorance of Wolf's rights.

44. There is no competition between the Stephensons and Wolf.

COMPLAINT - 5
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

45. Losing the Domain would penalize the Stephensons for their foresight in acquiring the Domain twenty-three years ago by significantly impairing their ability to display Emmet and Toni Stephensons' artifacts under the very domain name most likely to attract other individuals passionate about Napoleonic artifacts.

46. The Stephensons lacked any bad faith intent to profit from the NAPOLEON mark, as required under 15 U.S.C. § 1125(d)(1)(A)(i), because they intended and still intend to use the Domain to display Emmet and Toni Stephenson's collection of Napoleonic artifacts.

47. The Stephensons did not use the Domain to identify the source or quality of any goods or services.

48. The Stephensons have never offered to transfer or sell the Domain, despite offers from third parties and Wolf.

49. The Stephensons registration or use of the Domain is not confusingly similar to the mark because the word "napoleon" is based on a popular historical figure and has been used to describe a variety of different goods and services.

50. Plaintiffs did not provide material and misleading false contact information when applying for registration.

51. Plaintiffs did not knowingly acquire this Domain or others which are identical or confusingly similar to third parties' marks or dilutive of famous marks.

52. The Stephensons had reasonable grounds to believe that their use of the Domain fair use or otherwise lawful as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

53. The Stephensons' registration and use of the Domain never violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

54. Wolf is not entitled to the Domain.

COMPLAINT - 6
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## SECOND CAUSE OF ACTION

**(Declaratory Relief – 28 U.S.C. § 2201 no Violation of the Lanham Act)**

55. An actual controversy exists about whether Wolf should be entitled to the Domain under the Lanham Act.

56. The Stephensons' and Wolf's legal interests are adverse and create a present threat of litigation.

57. Wolf should be barred from enforcing any rights in the NAPOLEON mark under equitable principles because Wolf's unreasonable delay in enforcing its rights in the mark prejudices the Stephensons.

58. Wolf has no valid claim against the Stephensons for a violation of the Lanham Act because that claim would be barred by doctrine of laches.

59. The mark is not distinctive.

60. Wolf has not been diligent in enforcing the mark, because it waited almost twenty-three years to assert its rights in the mark.

61. The Stephensons acted in good-faith ignorance of Wolf's rights.

62. There is no competition between the Stephensons and Wolf.

63. Losing the Domain would penalize the Stephensons for their foresight in acquiring the Domain twenty-three years ago by significantly impairing their ability to display Emmet and Toni Stephenson's artifacts under the very domain name most likely to attract other individuals passionate about Napoleonic artifacts.

64. The Stephensons' registration or use of the Domain does not constitute "use" of the mark under 15 U.S.C. § 1125 of the Lanham Act because they never used the Domain to identify the source or quality of goods or services, or to distinguish one party's goods or services.

65. Trademarks identify and distinguish the source or quality of goods or services of one party from others.

66. Domain names are used to route traffic on the internet and not to identify or distinguish the source or quality of goods or services.

COMPLAINT - 7
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

67. The Stephensons' registration or use of the Domain did not occur in conjunction with any goods or services. They have never used the Domain or the string "napoleon" to identify or distinguish the source or quality of goods or services.

68. When a domain name is not used to identify the source or quality of goods or services, its use as a domain name to route traffic on the internet is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association.

69. The Stephensons' use of the Domain is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of the Stephensons with Wolf, or as to the origin, sponsorship, or approval of Wolf.

70. The Stephensons' registration or use of the Domain does not constitute "dilution" because the mark is not "famous" as required by 15 U.S.C. § 1125(c).

## REQUEST FOR RELIEF

Plaintiffs Domain.com, Inc., Emmet Stephenson, and Toni Stephenson respectfully request the following relief:

1. A Judgment declaring that their registration and use of the Domain does not violate Wolf's rights under the Anitcybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

2. A Judgment declaring that their registration and use of the Domain does not violate Wolf's rights otherwise under the Lanham Act;

3. A Judgment declaring that they are not required to transfer the registration of the Domain to Wolf;

4. A declaration that this is an exceptional case under the Lanham Act because Wolf initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain from the Stephensons;

5. An award of attorneys' fees and nontaxable costs because this is an

COMPLAINT - 8
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

exceptional case under the Lanham Act;

6. An award of costs of suit; and

7. Such other and further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiffs demand a jury for all claims so triable.

Respectfully submitted April 11, 2018.

**NEWMAN DU WORS LLP**

s/ Derek A. Newman
s/ Keith Scully
Derek A. Newman, WSBA #26967
*dn@newmanlaw.com*
Keith Scully, WSBA #28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800

Attorneys for Plaintiffs

COMPLAINT - 9
[Case No.: 2:18-cv-00545]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800